CHARLES E. TAYNTOR GRANITE CO. v. GOETCHIUS et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 35.

PATENTS (§ 328*)—ANTICIPATION—ROOF FOR MAUSOLEUMS.

The Tayntor patent, No. 722,392, for a roof for mausoleums, vaults, and other similar structures, claim 2, which covers merely a roof having a raised joint in the center, where the side-stones meet, with a central cap having lips to fit over the ribs on the edges of the side-stones, is void for anticipation.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Charles E. Tayntor Granite Company against Sarah G. K. Goetchius and others, executors. Decree (171 Fed. 108) for defendants, and complainant appeals. Affirmed.

D. Frank Lloyd, E. Hayward Fairbanks, and Hector T. Fenton, for appellant.

George Cooper Dean, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The patent in suit is for an improvement in roofs for mausoleums, vaults and other similar structures. The object of the patentee was to provide an improved roof construction in which the seams are protected so as to prevent the rain from drifting through them into the interior of the building. The patented structure is provided with a roof, the two side-stones having raised ribs along their inner top edges and a ridge-stone having lips upon its opposite side edges, the lips of the ridge-stone overlapping and resting upon the ribs of the roof-stones. Claim 2, the only one in controversy, is as follows:

"A roof for mausoleums, vaults and the like, comprising pediments, side roof-stones having ribs along their inner top edges and a central roof-stone having lips along its opposite side edges fitted to overlap the ribs upon the side roof-stones, substantially as set forth."

The judge of the Circuit Court briefly but accurately describes the alleged invention as follows:

"In my opinion the invention asserted to reside in this patent (in so far as this suit is concerned) consists solely in so cutting away the major portion of the exposed surface of the two side roof-stones as to leave a rib or ridge along its upper outer edge and then resting the capstone lips upon said ridges or ribs instead of upon the plane surface of the roof-stones. This construction elevates the exposed line of joinder between capstone and roof-stones above the general level of the sloping roof just so much as the roof-stones are cut away to form said ribs or ridges; in practice from three-quarters of an inch to 1¼ inches."

The longitudinal joints are thus raised above the general slope of the roof the distance that the said roof-stones have been cut away to form the ribs. If, therefore, rain should be driven horizontally

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the wind, the water, in order to reach the inside of the tomb, must be driven not only up the slanting roof-stone, but also up the vertical wall of the rib. Whatever novelty there may be in the combination of the claim must be found in these raised joints or seams. It cannot be pretended that, with these omitted, there is anything patentable in the Tayntor structure, as exemplified by the claim in controversy. We do not understand that the combination can be saved by reason of the fact that it includes pediments as one of its elements. The person who first conceived the raised joint may be entitled to rank as an inventor, but it required no exercise of the inventive faculty to apply the old joint to the roof of a structure having pediments or any other special characteristic, provided no new result is produced by such application. The raised joints produce the same result whether there are pediments at the ends of the building or not. There is nothing novel in the pediments, so far as the second claim is concerned. It is not limited to any particular variety of pediment. A roof, having the other elements of the claim and pediments of any construction, would anticipate. The special features of the pediments of the Tayntor structure are covered by claims 7 to 10, inclusive. The raised joints which are the features upon which the claim must stand or fall, are clearly shown in the Black and Feigenspan tombs. The general construction of these edifices differs from that of the Tayntor tomb; the pitch of the roof-stones is less and there are many minor differences, but the raised joints are clearly shown in each, operating precisely as in the tomb of the patent. In both the prior structures wind-driven rain will necessarily be forced up the slanting roof not only, but up the vertical ribs as well in order to reach the seams. The differences in the slant of the roofs, the height of the ribs and the width of the lips are differences in degree only. It cannot be successfully maintained that the pitch of the roof, or any of the differences pointed out between the prior structures and the patent, are of the essence of the alleged invention. The raised joint performs its function as well in the one case as in the other, though evidently the necessity for such a joint would be minimized in high-pitched roofs like those of the Phelps and Billand tombs and would find its greatest efficiency in low-pitched roofs like those of the Black and Feigenspan structures. Surely it did not require an exercise of the inventive faculty to place the old raised joints of Black upon the Goetchius tomb. No new result was accomplished. The plain simplicity and beauty of the defendant's tomb is not due to anything found in the second claim of the patent. The patent is not for a design.

The decree of the Circuit Court is affirmed with costs.